## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| MEDNOW CLINICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| SPECTRUM HEALTH SYSTEM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Mednow Clinics, LLC ("Mednow" or "Plaintiff"), through its attorneys of record, for its Complaint for trademark infringement, false designation of origin, and unfair competition, hereby states and alleges as follows:

## INTRODUCTION

1.      This is an action for violations of the federal Lanham Act, 15 U.S.C. § 1051, *et seq.*, and common-law trademark infringement and unfair competition, resulting from Defendant's unauthorized use of the mark MEDNOW, which is confusingly similar to Plaintiff's federally registered trademark MEDNOW STAFFING, and Plaintiff's common-law mark MEDNOW CLINICS.

2.      Plaintiff brings this action to enjoin any further infringement of its trademarks by Defendant, and for money damages arising from Defendant's trademark infringement and deceptive trade practices.

## PARTIES

3.      Mednow is a Colorado limited liability company with its principal place of business at 895 S. Logan Street, Denver, CO 80209.  Mednow is in the business of providing healthcare services and medical staffing services.

4.      Defendant Spectrum Health System ("Defendant" or "Spectrum") is, upon information and belief, a Michigan company with its principal place of business in Grand Rapids, Michigan.  Upon further information and belief, Spectrum in is engaged in the business of providing healthcare services, including connecting patients with its healthcare providers over the Internet, commonly referred to as telemedicine.

## JURISDICTION

5.      Mednow's claims arise under the laws of the United States, including, but not limited to, the Lanham Act, 15 U.S.C. § 1051, *et seq.*  Thus, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1338.  Subject matter jurisdiction over Mednow's related state law claims is proper pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant on the grounds that Defendant has availed itself of the jurisdiction of Colorado and caused injury in Colorado as alleged in more detail herein.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

A.      **Mednow Trademarks**

8.      On October 13, 2010, Mednow filed an intent-to-use application with the U.S. Trademark Office for the mark MEDNOW STAFFING.

9.      Mednow began using the MEDNOW STAFFING mark at least as early as June 1, 2011, and the MEDNOW STAFFING mark was registered on the Principal Register on January 24, 2012 with Registration No. 4,091,981.   (A true and correct copy of the Certificate of Registration for MEDNOW STAFFING is attached as Exhibit 1.)

10.     MEDNOW STAFFING is registered in International Class 035 for "professional staffing services, namely, medical staffing, locum tenens placement for medical professionals, permanent placement for medical professionals; and medical billing services, namely, medical billing support services."  (*See* Exhibit 1.)

11.     Mednow has continuously used the MEDNOW STAFFING mark for medical staffing and billing services since June 1, 2011.

12.     On January 16, 2018, Mednow timely filed Section 8 and Section 15 Declarations for the MEDNOW STAFFING mark, and therefore, the mark has become incontestable under 15 U.S.C. § 1065.  (A true and correct copy of the Notice of Acceptance Under Section 8 and Notice of Acknowledgement Under Section 15 is attached as Exhibit 2.)

13.     At least as early as September 1, 2014, Mednow began using the related trademark – MEDNOW CLINICS – in connection with health care related services.

14.     On December 16, 2016, Mednow filed an application with the U.S. Trademark Office, Serial No. 87/271,510, for registration of the MEDNOW CLINICS mark in International Class 044 for "Health care services, namely, providing medical services in the fields of primary care medicine, wellness examinations, sick visit care, immigration medicine, citizenship examinations, disability evaluations, addiction medicine, physical examinations, weight loss programs, and administration of pharmaceutical preparations for the treatment of neurological

3

disorders, muscle dystonias, smooth muscle disorders, autonomic nerve disorders, headaches, wrinkles, hyperhydrosis, sports injuries, cerebral palsy, spasms, tremors and pain." (A true and correct copy of the application for MEDNOW CLINICS is attached as Exhibit 3.)

15.     Mednow has continuously used the MEDNOW CLINICS mark for health care services since September 1, 2014.

16.     Mednow currently provides healthcare services under the MEDNOW CLINICS mark telephonically and by video. It is in the process of providing telemedicine as well. In addition, Mednow has approved expansion of its services into other states, including Nebraska, Wyoming, and Kansas.

17.     On February 21, 2018, Mednow filed an application with the U.S. Trademark Office, Serial No. 87/805,376, for registration of the mark MEDNOW in

    a.     International Class 044 for "Health care services, namely, providing medical services and telemedicine services in the fields of primary care medicine, wellness examinations, sick visit care, immigration medicine, citizenship examinations, disability evaluations, addiction medicine, physical examinations, weight loss programs, and administration of pharmaceutical preparations for the treatment of neurological disorders, muscle dystonias, smooth muscle disorders, autonomic nerve disorders, headaches, wrinkles, hyperhidrosis, sports injuries, cerebral palsy, spasms, tremors and pain"; and

    b.     International Class 035 for "professional staffing services, namely, medical staffing, locum tenens placement for medical professionals, permanent

placement for medical professionals; and medical billing services, namely, medical billing support services."

Mednow has common-law rights in the MEDNOW mark and has been using the mark in commerce for Class 035 services since at least June 1, 2011 and for Class 044 services since at least September 1, 2014. (A true and correct copy of the application for MEDNOW is attached as Exhibit 4.)

**B.**     **Defendant's Attempt to Cancel MEDNOW STAFFING Mark**

18.     On September 29, 2015, Defendant filed an intent-to-use application with the U.S. Trademark Office, Serial Number 86/772,109, to register a mark MEDNOW in International Class 044 for "medical consultations provided via phone, online chat or videoconferencing; telemedicine services." (A true and correct copy of Defendant's application, Serial Number 86/772,109 is attached as Exhibit 5.)

19.     Defendant's application Serial Number 86/772,109 was refused registration on the grounds that there was a likelihood of confusion with Mednow's MEDNOW STAFFING registered mark. (A true and correct copy of the Final Action, refusing Defendant's application is attached as Exhibit 6.) Specifically, the examining attorney concluded that the two marks "are highly similar in terms of appearance, sound, connotation and overall commercial impression." (Exhibit 6, p. 3.) In addition, the examining attorney concluded that the services Defendant planned to offer under the MEDNOW mark were related to the services offered by Mednow. (*Id.*) The examining attorney, therefore, concluded that "it is likely that consumers who encounter the parties' services will falsely conclude that they originate from the same source." (*Id.*)

20.     On November 8, 2016, in response to the Trademark Office's refusal to register its mark, Defendant filed a Petition for Cancellation of Mednow's registration for the MEDNOW STAFFING mark.  Defendant falsely asserted that Mednow was no longer using the MEDNOW STAFFING mark and had abandoned the mark.  (A true and correct copy of the Petition for Cancellation is attached as Exhibit 7.)

21.     The Petition for Cancellation was served on Mednow in Colorado, forcing Mednow to hire counsel in Colorado, respond to the Petition, and prove that it was continuing to use the MEDNOW STAFFING mark.

22.     Upon receiving evidence that Mednow was continuing to use the MEDNOW STAFFING mark and after repeated demands by Mednow's counsel to terminate the cancellation petition, Defendant withdrew the Petition for Cancellation.  (A true and correct copy of the Withdrawal of Petition to Cancel is attached as Exhibit 8.)  The Petition was dismissed with prejudice on June 14, 2017.  (A true and correct copy of the order of dismissal is attached as Exhibit 9.)

23.     While the Petition for Cancellation was pending, the Trademark Office suspended Defendant's application to register the MEDNOW mark.  (True and correct copies of the suspension letters are attached as Exhibit 10.)  The most recent suspension letter indicates that the application remains suspended until Mednow files Section 8 and Section 15 declarations, which were filed on January 16, 2018.  (*See* Exhibit 2; Exhibit 10.)  The Trademark Office has continued and maintained its refusal of Defendant's application for MEDNOW.

4844-4820-5146.2

### C. **Defendant's Unlawful Use of MEDNOW mark**

24. Upon information and belief, Defendant began using the MEDNOW mark in 2017 in violation of Mednow's trademark rights.

25. Defendant continued using the MEDNOW mark even after its failed attempt to cancel the MEDNOW STAFFING mark.

26. Upon discovering Defendant's continued use of the MEDNOW mark, on November 20, 2017, Mednow, through its counsel, sent a letter to Defendant's counsel, demanding that Defendant cease its use of MEDNOW or any similar mark for healthcare related services. (A true and correct copy of the November 20, 2017 cease and desist letter is attached as Exhibit 11.)

27. Defendant did not respond to the November 20 letter, but continued using the MEDNOW mark in violation of Mednow's rights. Therefore, on January 18, 2018, Mednow, through its counsel, sent a second letter to Defendant's counsel demanding that Defendant cease its unlawful use of the MEDNOW mark. (A true and correct copy of the January 18, 2018 cease and desist letter is attached as Exhibit 12.)

28. Defendant has failed and refused to respond to either of the cease and desist letters sent by Mednow.

29. Defendant has had full knowledge of Mednow's registered MEDNOW STAFFING mark since at least January 2016, when the Trademark Office first refused Defendant's application for MEDNOW based on the MEDNOW STAFFING registered mark. Defendant also has had knowledge of Mednow's MEDNOW CLINICS mark since at least November 17, 2017. Despite such knowledge, the final refusal issued by the Trademark Office,

4844-4820-5146.2

and dismissal of the Petition for Cancellation, Defendant has used and continues to use MEDNOW in connection with healthcare related services in violation of Mednow's rights. Defendant's infringement, therefore, is intentional and willful.

**D.**    **Defendant Offers Services Under the MEDNOW Mark**

30.    Defendant uses the MEDNOW mark to offer healthcare services, including connecting patients with its physicians over the Internet.  This is done through Defendant's website or an app that can be downloaded through a variety of app stores, including the "Play Store."  Defendant's app is named MEDNOW.

31.    Defendant's website and app are accessible throughout the United States.

32.    Upon information and belief, in order to use the MEDNOW services via Defendant's website or app, an individual is required to accept the terms and conditions of services **and** open an account with Defendant.  Once an account is established, an individual who may be located anywhere in the U.S. (including this District) or outside the U.S. has access to Defendant's physicians.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement, 15 U.S.C. § 1114(1)(a))**

33.    Mednow incorporates the allegations of Paragraphs 1 through 32 as if fully set forth herein.

34.    Mednow is the owner of the federally registered and incontestable mark MEDNOW STAFFING, which is used in connection with medical staffing and billing services.

35.    Defendant is using the confusingly similar mark MEDNOW for related healthcare services.  Defendant's use of MEDNOW infringes Mednow's trademark rights on the grounds that it is likely to cause confusion.

8

36.     Defendant has used and continues to use the MEDNOW mark, having full knowledge of Mednow's registered MEDNOW STAFFING mark.  Defendant's infringement, therefore, is intentional and willful.

37.     Defendant's use of MEDNOW has caused and continues to cause irreparable harm to Mednow.

38.     As a result of Defendant's infringement of Mednow's mark, Mednow is entitled to an injunction prohibiting any further use by Defendant of the MEDNOW mark, or any marks or names confusingly similar to those of Mednow, in connection with the offering of healthcare related services.  Further, Mednow is entitled to an order directing Defendants to engage in corrective advertising to alleviate the confusion created by its unlawful use of Mednow's trademark.

39.     Mednow also is entitled to its actual damages suffered as a result of Defendant's trademark infringement and disgorgement of Defendant's profits associated with its unlawful use of Mednow's trademark.

40.     Defendant's infringement of Mednow's trademark was committed willfully in violation of Mednow's rights.  Accordingly, Mednow is entitled to recover its costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, 15 U.S.C. §1125(a))

41.     Mednow incorporates the allegations of Paragraphs 1 through 40 as if fully set forth herein.

42.     Mednow is the owner of (a) the federally-registered service mark MEDNOW STAFFING, in connection with the medical staffing and billing services; (b) the mark

MEDNOW CLINICS for healthcare services; and (c) the mark MEDNOW for healthcare services and for medical staffing and billing services.

43.     Defendant has used words, terms, and names or combinations thereof in connection with their offering of healthcare related services that are likely to cause confusion or deceive as to affiliation, connection or association with the services offered by Mednow.

44.     The use by Defendant in their business of the words "MEDNOW" as part of a trademark or trade name in connection with Defendant's offering of healthcare related services, constitutes false designation of origin and false representations in connection with services sold and offered for sale in commerce by Mednow in violation of Section 43(a) of the Lanham Act.

45.     Defendant's use of Mednow's marks has caused and continues to cause irreparable harm to Mednow.

46.     Mednow is entitled to an injunction prohibiting any further use by Defendant of marks constituting a false designation of origin or false representation.

47.     Mednow also seeks its actual damages suffered as a result of Defendant's trademark infringement and disgorgement of Defendant's profits associated with its unlawful use of Mednow's marks.

48.     Defendant's infringement of Mednow's marks was committed willfully in violation of Mednow's rights.   Accordingly, Mednow is entitled to recover its costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Common-Law Trademark Infringement)

49.     Mednow incorporates the allegations of Paragraphs 1 through 48 as if fully set forth herein.

4844-4820-5146.2

50.     By using Mednow's marks without authorization, Defendant has in connection with their offering of services caused a likelihood of confusion as to the source of Defendant's goods and services and thus has infringed the common-law trademark rights of Mednow.

51.     Mednow is entitled to an injunction prohibiting any further use by Defendant of Mednow's marks, or those confusingly similar to those of Mednow, in connection with the offering of healthcare related services.

52.     As a direct and proximate result of Defendant's infringement, Mednow has been damaged and/or Defendant has been unjustly enriched in amounts to be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

53.     Mednow incorporates the allegations of Paragraphs 1 through 52 as if fully set forth herein.

54.     Defendant's acts, as alleged herein, constitute unfair competition on the grounds that Mednow's marks are suggestive of its services and Defendant has used a substantially similar mark for related services, thereby creating a likelihood of confusion for consumers.

55.     Defendant's acts of unfair competition have caused irreparable injury to Mednow, entitling Mednow to an injunction prohibiting any further use by Defendant of Mednow's marks, or those confusingly similar to those of Mednow, in connection with the offering of healthcare related services.

56.     As a direct and proximate result of Defendant's unfair competition, Mednow has been damaged and/or Defendant has been unjustly enriched in amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mednow Clinics, LLC respectfully requests that a judgment enter in its favor and against the Defendants, and each of them, on each and every claim set forth herein, and that it be awarded the following relief:

1.      Money damages related to Defendant's infringement of Mednow's marks under the Lanham Act;

2.      Disgorgement of Defendant's profits and/or restitution;

3.      Preliminary and permanent injunctive relief prohibiting Defendant from any further use of Mednow's marks, or marks confusingly similar to those of Mednow;

4.      An order requiring Defendants to publish a disclaimer on its website and with its app, stating that Defendant has no right to use the MEDNOW mark and that its healthcare services are not associated with Mednow;

5.      An award of Mednow's reasonable costs and attorneys' fees incurred in connection with this action;

6.      Any and all other relief permitted under federal and state law; and

7.      Such other and further relief the Court deems just and proper under the circumstances.

4844-4820-5146.2

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues to which it is entitled to a jury.

Respectfully submitted this 21st day of February, 2018.

KUTAK ROCK LLP

By:   _s/Neil L. Arney_
     Neil L. Arney, #27860
     1801 California Street
     Suite 3000
     Denver, Colorado 80202
     T: (303) 297-2400
     F: (303) 292-7799

*ATTORNEYS FOR PLAINTIFF*
*MEDNOW CLINIC, LLC*

4844-4820-5146.2