## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

MEDNOW CLINICS, LLC,

     Plaintiff,                          Case No. 1:18-cv-00436-RM-MJW

v

SPECTRUM HEALTH SYSTEM,

     Defendants.

---

| | |
|---|---|
| Neil L. Arney #27860 | Amanda M. Fielder (MI - P70180) |
| KUTAK ROCK, LLP | WARNER NORCROSS & JUDD LLP |
| Suite 3000 | 900 Fifth Third Center |
| 1801 California Street | 111 Lyon Street, NW |
| Denver, Colorado 80202 | Grand Rapids, Michigan 49503 |
| (303) 297-2400 | (616) 752-2404 |
| *Attorneys for Plaintiff* | afielder@wnj.com |
| | *Attorneys for Defendant* |

---

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2)**

**\*ORAL ARGUMENT REQUESTED\***

---

Defendant Spectrum Health System ("**Spectrum Health**") requests that this Court enter an order dismissing Plaintiff's complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). This Court does not have personal jurisdiction over Spectrum Health. Spectrum Health is a Michigan company with its principal place of business in Michigan.  It does not have any contacts with Colorado, let alone substantial, continuous and systematic contacts sufficient to support general personal jurisdiction.  Moreover, there is no basis for this Court to assert specific personal jurisdiction over Spectrum Health.  Spectrum Health has not purposefully directed its activities at residents of the forum state, nor has Plaintiff established the required

connection between the forum and the underlying controversy.  Accordingly, Plaintiff's complaint should be dismissed for lack of jurisdiction.  This motion is supported by the accompanying brief.

Pursuant to Local Rule 7.1(a) and this Court's Practice Standards, Spectrum Health requested concurrence.  Specifically, on March 1, 2018, Spectrum Health's counsel sent a letter to Plaintiff's counsel and indicated that jurisdiction was not proper in Colorado.  Spectrum Health raised the jurisdictional issue a second time on July 18, 2018.  Spectrum Health informed Plaintiff that it does not do business in Colorado, nor does it provide any services to Colorado patients.  Spectrum Health asked Plaintiff to voluntarily dismiss its complaint.  Plaintiff did not concur.

Dated: August 3, 2018

    /s/ Amanda M. Fielder
Amanda M. Fielder (MI - P70180)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
(616) 752-2404
afielder@wnj.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

MEDNOW CLINICS, LLC,

      Plaintiff,                    Case No. 1:18-cv-00436-RM-MJW

v

SPECTRUM HEALTH SYSTEM,

      Defendants,.

---

| | |
|---|---|
| Neil L. Arney #27860 | Amanda M. Fielder (MI - P70180) |
| KUTAK ROCK, LLP | WARNER NORCROSS & JUDD LLP |
| Suite 3000 | 900 Fifth Third Center |
| 1801 California Street | 111 Lyon Street, NW |
| Denver, Colorado 80202 | Grand Rapids, Michigan 49503 |
| (303) 297-2400 | (616) 752-2404 |
| *Attorneys for Plaintiff* | afielder@wnj.com |
| | *Attorneys for Defendant* |

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2)**

**\*ORAL ARGUMENT REQUESTED\***

---

### INTRODUCTION

This Court does not have personal jurisdiction over Defendant Spectrum Health System ("**Spectrum Health**").  In its First Amended Complaint, Plaintiff Mednow Clinics LLC ("**Plaintiff**") alleges that this "Court has personal jurisdiction over Defendants on the grounds that Defendant has availed itself of the jurisdiction of Colorado and caused injury in Colorado . . . ." (*Id.* at ¶ 6.)  Plaintiff's allegations are unfounded.  There is no basis for this Court to assert personal jurisdiction over Spectrum Health.

3

Spectrum Health is a Michigan company with its principal place of business in Michigan. It does not have any contacts with Colorado, let alone substantial contacts, to render it at home in Colorado for purposes of general personal jurisdiction. Moreover, there is no basis to assert specific personal jurisdiction over Spectrum Health.   Spectrum Health has not purposefully directed its activities at residents of the forum state.   Nor has Plaintiff established the required connection between the forum and the underlying controversy.   Accordingly, this Court does not have personal jurisdiction over Spectrum Health and this case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## JURISDICTIONAL STATEMENT

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338.   For all of the reasons discussed in this motion and supporting brief, this Court does not have personal jurisdiction over Spectrum Health.

## BACKGROUND

Plaintiff is a Colorado limited liability company with its principal place of business in Denver, Colorado.   (ECF 13, PgID 2, at ¶ 3.)   Upon information and belief, Plaintiff is in the business of providing medical staffing and health care services.   (*Id.*)   Plaintiff claims that it provides telehealth services to patients as well, by connecting patients with healthcare providers over the internet.   (*Id.*)

Spectrum Health is a Michigan company with its principal place of business in Grand Rapids, Michigan.   (*Id.* at ¶ 4.)   Spectrum Health developed a program called "MedNow." MedNow is a program dedicated to the development, launch and maintenance of telehealth

initiates for the Spectrum Health hospital system.  (Ex. A, Decl. of Joe Brennan, ¶ 3.)[1] MedNow

provides services only to patients who are physically located in the State of Michigan.  (*Id.* at ¶ 4.)

Indeed, every patient is required to confirm his or her location within the State of Michigan.  (*Id.*

at ¶ 5.)

For instance, when using the MedNow mobile app, a patient must confirm that he or she is

in Michigan before that patient is able to schedule an appointment.  (*Id.* at ¶ 6 and Ex. 1.)  In

addition, every patient is required to confirm his or her location within the State of Michigan when

scheduling a virtual visit over the telephone with a Spectrum Health customer service

representative.  (*Id.* at ¶ 7.)  Moreover, at the beginning of each virtual visit, the Medical Assistant

will again confirm that the patient is in the State of Michigan.  (*Id.* at ¶ 8 and Ex. 2.)

Indeed, state medical licensure rules require that the telehealth provider be licensed in the

state in which the patient is physically located.  (*Id.* at ¶ 9.)  *See e.g.* Colo. Rev. Stat. § 12-36-106;

Mich. Comp. Laws Ann. § 333.17011.  Consequently, Spectrum Health implemented

identification requirements to ensure that it does not provide the MedNow telehealth services to

any patient outside the state of Michigan.  (*Id.* at ¶ 10.)  Because of this focus, all of Spectrum

Health's advertising and marketing of its MedNow program are designed and targeted to patients

in Michigan.  (*Id.* at ¶ 11.)

Spectrum Health does not do business in Colorado.  (*Id.* at ¶ 12.)  Nor does Spectrum

Health own or operate any facilities in Colorado.  (*Id.* at ¶ 13.)  All of Spectrum Health's telehealth

services are provided in Michigan.

---

[1] Submitting declarations with motions to dismiss under Rule 12(b)(2) does not convert the motion into one for summary judgment under Federal Rule of Civil Procedure 56.  *See Topliff v. Atlas Air, Inc.,* 60 F. Supp. 2d 1175 (D. Kansas 1999).

Nonetheless, Plaintiff filed its First Amended Complaint against Spectrum Health. (ECF 13.) In its First Amended Complaint, Plaintiff asserts several causes of action against Spectrum Health, including: (1) Trademark Infringement under 15 U.S.C. § 1114(1)(a); (2) False Designation of Origin, under 15 U.S.C. § 1125(a); (3) common law trademark infringement; and (4) unfair competition. (*Id.*) Plaintiff alleged, without any support, that this "Court has personal jurisdiction over Defendants on the grounds that Defendant has availed itself of the jurisdiction of Colorado and caused injury in Colorado . . . ." (*Id.* at PgID 3, ¶ 6.) Because Plaintiff's allegations are wholly unfounded, Spectrum Health filed the current motion.

## ARGUMENT

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) empowers a court to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing a court's personal jurisdiction over the defendant. *Rambo v. Am. S. Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir. 1988); *Achangel Diamond Corp. Liquidating Trust v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1356 (D. Colo. 2014). Thus, in responding to a Rule 12(b)(2) motion, the plaintiff must make out a *prima facie* showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The *prima facie* showing may be made by submitting affidavits or other written materials with facts that would support jurisdiction over the defendant. *Id.* Indeed, the plaintiff has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). "Only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory

allegations, must be accepted as true." *CIVIX-DDI LLC v. Microsoft Corp.,* 1999 WL 1020248, *2

(D. Colo. Oct. 1, 1999) (citing *Wenz v. Memery Crystal,* 55 F.3d 1503, 1508 (10th Cir. 1995)).

## II.    THIS COURT LACKS JURISDICTION OVER SPECTRUM HEALTH

The Due Process Clause of the Fourteenth Amendment constrains a state's "authority to

bind a nonresident defendant to a judgment of its courts." *Old Republic Insurance Company v.

Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Walden v. Fiore*, --- U.S. -

--, 134 S. Ct. 1115, 1121 (2014)).   Due process requires that Spectrum Health "'purposefully

established minimum contacts within the forum State' and that the assertion of personal

jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic,* 877 F.3d at 903

(quoting *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476 (1985)).   "Depending on their

relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum

state may give rise to either general (all-purpose) jurisdiction or specific (case-linked)

jurisdiction." *Old Republic*, 877 F.3d at 903 (internal citations omitted).

This Court does not have general personal jurisdiction or specific personal jurisdiction over

Spectrum Health.   Spectrum Health is a Michigan company with its principal place of business in

Michigan.   Moreover, Spectrum Health does not have any operations in Colorado, let alone

operations that are so substantial and of such a nature as to render Spectrum Health at home in

Colorado.   Accordingly, this Court does not have general personal jurisdiction.

Similarly, this Court lacks specific personal jurisdiction over Spectrum Health.   Spectrum

Health does not have minimum contacts with Colorado.   Spectrum Health has not purposefully

directed its activities at residents of the forum state.   To the contrary, Spectrum Health has

undertaken significant efforts in the development of its telemedicine program to ensure compliance

with licensure laws by requiring patients to confirm they are located in Michigan.  Moreover, Plaintiff has failed to establish the required connection between the forum and the underlying controversy.  Accordingly, Plaintiff cannot establish that this Court has specific personal jurisdiction over Spectrum Health.  Plaintiff's complaint must thus be dismissed.

### A.   THE DISTRICT OF COLORADO LACKS GENERAL PERSONAL JURISDICTION OVER SPECTRUM HEALTH

 General personal jurisdiction may be exercised over an out-of-state party. *Old Republic*, 877 F.3d at 903.  But a court may only assert general jurisdiction over an out-of-state defendant when the defendant's affiliations with the state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Old Republic*, 877 F.3d at 904 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Old Republic*, 877 F.3d at 904 (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004)).  Indeed, the Supreme Court just last year affirmed its precedent that "at home" for purposes of general jurisdiction means the corporation's place of incorporation and principal place of business. *BNSF Ry. Co. v. Tyrrell*, --- U.S. ---, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) and *Goodyear*, 564 U.S. at 924).  Only in the "exceptional case" will a corporate defendant's operations in another forum "be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry.*, --- - U.S. ---, 137 S. Ct. at 1558.  This is not such an exceptional case.

It is undisputed that Spectrum Health is not incorporated in Colorado.  (ECF 13, PgID 2, at ¶ 4.)  In addition, Plaintiff admits that Spectrum Health's principal place of business is not in

Colorado.  (*Id.*)   Rather, Spectrum Health is "a Michigan company with its principal place of business in Grand Rapids, Michigan."  (*Id.*)   Accordingly, Colorado is not Spectrum Health's "home" state.

Thus, for this Court to exercise general personal jurisdiction over Spectrum Health, Plaintiff must prove the "exceptional case" that Spectrum Health's operations in Colorado are so substantial and of such a nature to render Colorado Spectrum Health's home state.  There are no such allegations here.  The only relevant allegation in Plaintiff's claim is its conclusory statement that this "Court has personal jurisdiction over Defendants on the grounds that Defendant has availed itself of the jurisdiction of Colorado and caused injury in Colorado . . . ." (Id. at PgID 3, ¶ 6.)  Plaintiff's complaint contains nothing but this vague and overgeneralized assertion that provided no indication as to the extent, duration, or frequency of contact between Spectrum Health and Colorado.  In particular, Plaintiff's complaint says nothing about the activities or contacts by Spectrum Health that purportedly subject it to jurisdiction in Colorado.

Plaintiff has asserted no allegation sufficient to establish general personal jurisdiction over Spectrum Health because there is none.  Spectrum Health does not do business in Colorado.  (Ex. A, at ¶ 12.)  Indeed, Spectrum Health does not have any facilities in Colorado.  (*Id.* at ¶ 13.)  Thus, Plaintiff has not, and cannot, demonstrate by the allegations in its complaint that Spectrum Health is "heavily engaged in activity" in Colorado, as required for general personal jurisdiction.  *BNSF Ry.,* 137 S. Ct. at 1559 (holding that BNSF was not heavily engaged in activity in Montana even though it had 2,000 miles of railroad track and more than 2,000 employees in the state); *see also Satterfield v. Government Employees Ins.*, 287 F. Supp. 3d 1285, 1298 (W.D. Okla. 2018).

Accordingly, this Court cannot establish general personal jurisdiction over Spectrum Health based on Plaintiff's complaint.

### B. THE NON-RESIDENT DEFENDANT SPECTRUM HEALTH LACKS THE REQUISITE SPECIFIC CONTACTS WITH COLORADO TO ESTABLISH SPECIFIC PERSONAL JURISDICTION

A court may alternatively exercise specific personal jurisdiction over a nonresident defendant if the cause of action relates to the party's contacts with the forum state. *Old Republic*, 877 F.3d at 904. The Tenth Circuit applies a two-part test to determine whether specific personal jurisdiction exists: "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 476-77) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239-1240 (10th Cir. 2011)). Applying these factors to the present case it is clear—this Court does not have specific personal jurisdiction over Spectrum Health.

### 1. Spectrum Health does not have minimum contacts with Colorado

The minimum contacts test for specific jurisdiction encompasses two distinct requirements. First, Spectrum Health must have "purposefully directed" its activities at residents of the forum state. *Old Republic*, 877 F.3d at 904; *Shrader*, 633 F.3d at 1239; *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1071 (10th Cir. 2008). Second, the Plaintiff's purported injuries must arise out of Spectrum Health's forum-related activities. *Old Republic*, 877 F.3d at 904; *Shrader*, 633 F.3d at 1239; *Dudnikov*, 514 F.3d at 1071. Plaintiff cannot establish either of these elements.

10

The "purposeful direction" doctrine is to "ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Old Republic,* 877 F.3d at 904-905; *see also Dudnikov*, 514 F.3d at 1071 (citing *Burger King*, 471 U.S. at 472). Thus, a defendant must have *deliberately* engaged in significant activities within the forum state. *Old Republic*, 877 F.3d at 905. To determine whether a defendant "purposefully directed" its activities at a forum state, the Supreme Court developed a tripartite inquiry regarding: (1) the presence of an intentional act; (2) whether the intentional act was aimed expressly at the forum state; and (c) whether defendant had knowledge that the brunt of the injury would be felt in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-90 (1994). Moreover, the Tenth Circuit has interpreted the "express aim" element of this test to signify that "the forum state itself must be the 'focal point' of the tort." *Dudnikov*, 514 F.3d at 1074 n.9; *see also Spyderco, Inc. v. Kevin, Inc.*, 2017 WL 2929548, *2 (D. Colo. July 7, 2017). There must be "meaningful contacts, ties, or relations" with the forum state. *Old Republic,* 877 F.3d at 918 (granting motion to dismiss because plaintiff failed to show specific personal jurisdiction over the defendant).

Here, Spectrum Health did not "purposefully avail" its activities to the forum state. Spectrum Health's MedNow telehealth services program only provides services to patients who are physically located in Michigan. (Ex. A, at ¶ 4.) And every patient is required to confirm his or her location within Michigan. (*Id.* at ¶ 5.) When using the MedNow mobile app, a patient must confirm that he or she is in Michigan before scheduling an appointment. (*Id.* at ¶ 6 and Ex. 1.) Every patient is also required to confirm his or her location within Michigan when scheduling a virtual visit over the telephone. (*Id.* at ¶ 7.) Moreover, at the beginning of every virtual visit, the Medical Assistant again confirms with the patient that he or she is in Michigan. (*Id.* at ¶ 8 and Ex.

2.)  Because state medical licensure rules require that the telehealth provider be licensed in the state in which the patient is physically located, i.e. Michigan, MedNow has conscientiously and systematically implemented these requirements.  (*Id.* at ¶ 9.)  Thus, all marketing and advertising efforts for the MedNow program are also designed and targeted to people in Michigan.  (*Id.* at ¶ 11.)  None of these activities are purposefully directed at Colorado.

Indeed, Spectrum Health's MedNow program does not provide telehealth services to any patient in Colorado.  (*Id.* at ¶ 10.)  Nor does Plaintiff contend that it does.  Rather, Plaintiff merely asserts, without providing any factual support, that "Defendant has availed itself of the jurisdiction of Colorado and caused injury in Colorado . . . ."  (Id. at PgID 2, ¶ 6.)[2]  This type of conclusory allegation is insufficient to establish jurisdiction and defeat a motion to dismiss.  *Fairbrother v. Am. Monument Found, LLC*, 340 F. Supp. 2d 1147, 1154 (D. Colo. 2004).

Indeed, it appears that Plaintiff's claim is not based on "contacts" with Colorado, but rather, is because Spectrum Health developed a web app.  (ECF 13, PgID 8, ¶ 33.)  In correspondence with Spectrum Health's counsel regarding jurisdiction, Plaintiff has alleged that jurisdiction is appropriate in Colorado because the purportedly infringing mark is on an app that is assessable through the United States, including Colorado.  But Plaintiff's argument is contrary to the law of this Circuit.  The Tenth Circuit has held that the "maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state."  *Shrader*, 633. F.3d at 1240 (citing *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010); *Carefirst of Md. V. Carefirst*

---

[2] None of the exhibits attached to Plaintiff's First Amend Complaint relate to its jurisdictional claim. (ECF 13.)

*Pregnancy Ctrs., Inc.*, 334 F.3d 390, 401 (5th Cir. 2003); *Revell v. Lidov*, 317 F.3d 467, 471-76 (5th Cir. 2002)).  Indeed, the Tenth Circuit has recognized that the "[i]nternet operates 'in' every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless." *Shrader*, 633 F.3d at 1240.  The Tenth Circuit has thus held that "to avoid this untenable result, it is necessary to adapt the analysis of personal jurisdiction to this unique circumstances by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there."  *Shrader*, 633 F.3d at 1240; *see also Shell v. Am. Family Rights Ass'n,* 899 F. Supp. 2d 1035, 1052 (D. Colo. 2012) (holding that website was insufficient to establish specific jurisdiction without additional facts showing purposeful direction at Colorado).

The mere fact that Spectrum Health's MedNow program is accessible through the web or related app is insufficient as a matter of law.  And there is no evidence that Spectrum Health "intentionally directed" its MedNow web app to Colorado, or its residents.  Indeed, this is negated by the fact that the app requires potential patients to confirm that they are in Michigan to schedule services, and then subsequently confirm that they are in Michigan to receive the services.  (Ex. A, at ¶¶ 6, 8, Ex. 1 and Ex. 2.)  Accordingly, Plaintiff has no evidence that Spectrum Health "purposefully availed" its activities to the forum state.  For this reason alone, Plaintiff has failed to establish that this Court has specific personal jurisdiction over Spectrum Health.

But even if Spectrum Health had purposefully directed its activities to Colorado (which it did not), the Plaintiff must still show that its injuries "arise out of" Spectrum Health's forum-related activities.  *Old Republic*, 877 F.3d at 908.  "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying

controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Old Republic*, 877 F.3d at 908 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, --- U.S. ---, 137 S. Ct. 1773, 1781 (2017)). This Court has stated that the "harmful effect of that conduct must *typically* be felt in the forum state." *Level 3 Communications, LLC v. Beavex Inc.*, 2018 WL 558055, *2 (D. Colo. Jan. 25, 2018) (emphasis added).

There is no nexus between Spectrum Health's forum-related contacts and the Plaintiff's cause of action. Plaintiff merely alleges that it is located in Colorado and thus presumably any purported harm or injury from the alleged infringement would manifest in Colorado. (ECF 13, PgID 2, ¶ 3.) Again, this is wrong as a matter of law. The Tenth Circuit made clear in *Shrader* that a plaintiff's "resident in the forum state, and suffering of harm there, will not alone support jurisdiction . . . ." *Shrader*, 633 F.3d at 1245. None of the activities purportedly giving rise to the harm alleged here were typically directed at Colorado, and the mere fortuity that Plaintiff is a Colorado resident is insufficient to create specific personal jurisdiction. *See Shell*, 899 F. Supp. 2d at 1052-1053. This Court lacks specific jurisdiction for this additional reason.

In summary, Spectrum Health does not have minimum contacts with Colorado. Spectrum Health has not purposefully directed its activities at Colorado. To the contrary, Spectrum Health has taken steps to ensure it does not conduct business outside of the State of Michigan due to medical licensure requirements in other states. Nor has Plaintiff established the required connection between the forum and the underlying controversy. Accordingly, Plaintiff's complaint should be dismissed because it has not established that this Court has specific personal jurisdiction over Spectrum Health.

2.      *Exercising personal jurisdiction over Spectrum Health would offend traditional notions of fair play and substantial justice*

Finally, even if Plaintiff was able to establish that Spectrum Health purposefully directed its activities at residents of Colorado, and that Plaintiff's injuries arose out of this contact, this Court should still dismiss Plaintiff's complaint because exercising personal jurisdiction over Spectrum Health would offend traditional notices of fair play and substantial justice.

This Court must still inquire whether the exercise of personal jurisdiction would offend traditional notices of fair play and substantial justice. *Dudnikov*, 514 F.3d at 1080. In determining this, the court should consider the following factors: (1) the burden on Spectrum Health; (2) Colorado's interest in resolving the dispute; (3) Plaintiff's interest in receiving convenient and effective relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. *Old Republic*, 877 F.3d at 909.   Here, the balance of these factors decidedly weighs against a finding of personal jurisdiction.   The burden on Spectrum Health to litigate this case in Colorado is substantial.   All of Spectrum Health witnesses and all of the relevant documents are located in Michigan.   Consequently, litigating this matter in Michigan, and not Colorado, would be in the interests of judicial economy.   Moreover, Colorado's interest in resolving this matter is minimal when Spectrum Health does no business in Colorado and has no facilities in Colorado. Given these considerations, dismissal of Plaintiff's complaint is appropriate for this additional reason.

## CONCLUSION

Plaintiff has not established that this Court has personal jurisdiction over Spectrum Health.

Spectrum Health is a Michigan company with its principal place of business in Michigan. It does not have any contacts with Colorado, let alone substantial contacts, to render it at home in Colorado for purposes of general personal jurisdiction.  Moreover, there is no basis to assert specific personal jurisdiction over Spectrum Health.  Spectrum Health has not purposefully directed its activities at residents of the forum state, nor has Plaintiff established a connection between Colorado and the underlying controversy.  Accordingly, Plaintiff's First Amended Complaint should be dismissed in its entirety for lack of jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2).


Dated: August 3, 2018                    ____/s/ Amanda M. Fielder_____
                                         Amanda M. Fielder (MI - P70180)
                                         WARNER NORCROSS & JUDD LLP
                                         900 Fifth Third Center
                                         111 Lyon Street, NW
                                         Grand Rapids, Michigan 49503
                                         (616) 752-2404
                                         afielder@wnj.com
                                         *Attorneys for Defendant*